NOT FOR PUBLICATION                          (Docket Entry Nos. 24, 25, 39)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____   :
                                 :
MARY LOUISE MASTERSON             :
and RICHARD MASTERSON,            :
                                 :
         Plaintiffs,              :   Civil No. 03-3202 (RBK)
                                 :
     v.                           :   **OPINION**
                                 :
B.J. STORES, INC., et al.,        :
                                 :
         Defendants.              :
_____   :


**KUGLER**, United States District Judge:

Plaintiff Mary Louise Masterson ("Masterson") was riding a boogie board off the shore of Cape May, New Jersey when she fell forward and hit her head on the ocean floor, sustaining serious injuries. Contending that the boogie board was "hazardous, unfit for its intended use, negligently manufactured, unreasonably dangerous, and defective," Masterson and her husband filed a diversity suit in this Court against those who "did design, evaluate, manufacture, distribute or sell" the board. This matter comes before the Court upon motions by defendants Madame Wu Ai Ying ("Madame Wu") and Zhejiang International Trade and Exhibition Corp. ("Zhejiang") to dismiss the claims against

1

them for lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and insufficient service of process.  For the reasons expressed in this opinion, the motions to dismiss will be granted for lack of personal jurisdiction.

Zhejiang and Madame Wu, both citizens of the People's Republic of China, first argue that the claims against them should be dismissed for lack of personal jurisdiction.  "[O]nce the defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction."  Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992).  The plaintiff cannot rely on the pleadings or "mere allegations" to satisfy its burden, but rather must provide "sworn affidavits or other competent evidence."  Stranahan Gear Co. v. NL Indus., 800 F.2d 53, 58 (1986) (quoting Time Share Vacation Club v. Atl. Resorts, Ltd., 735 F.2d 61, 67 n.9 (3d Cir. 1984)).

"District courts have personal jurisdiction over nonresident defendants to the extent authorized under the law of the forum state in which the district court sits."  Sunbelt Corp. v. Noble, Denton & Assocs., Inc., 5 F.3d 28, 31 (3d Cir. 1993) (citing Fed. R. Civ. P. 4(e)).  Because "New Jersey's long-arm statute provides for personal jurisdiction as far as is permitted by the Fourteenth Amendment to the United States Constitution[,]

. . . the question of whether this Court has jurisdiction over the defendant[s] is determined by federal constitutional law." See Decker v. Circus Circus Hotel, 49 F. Supp. 2d 743, 745-46 (D.N.J. 1999) (citations omitted). Thus, this Court may only exercise personal jurisdiction over Madame Wu and Zhejiang if (1) they have certain "minimum contacts" with New Jersey such that they could "reasonably anticipate being haled into court there," see World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980), and (2) "the assertion of personal jurisdiction would comport with 'fair play and substantial justice,'" see Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985).

Zhejiang, a trading company, exports "rainbow" boogie boards from China. (See Bush Dep. 54:14-17, Dec. 28, 2004.) Madame Wu is an employee of Zhejiang. (See id. 55:19-21.) Plaintiffs argue that Zhejiang and Madame Wu have "minimum contacts" with New Jersey because those defendants "intentionally delivered their product into the New Jersey stream of commerce with the expectation that it would be purchased by consumers in New Jersey." (Pls.' Opp. at 6.)

In Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102 (1987), the Supreme Court discussed the "stream of commerce" theory of minimum contacts. Although there was no majority opinion in Asahi as to the scope of that theory──both Justice O'Connor and Justice Brennan wrote for four-

Justice pluralities——"[i]t is clear" from Asahi that minimum contacts requires "some 'purposeful availment' by the defendant of the forum state." See Renner v. Lanard Toys Ltd., 33 F.3d 277, 282 (3d Cir. 1994). Under either plurality, "the mere knowledge or awareness that one's products will end up in the forum state" is not enough to establish minimum contacts sufficient for personal jurisdiction. Id.[1] However, because both pluralities require "purposeful availment," knowledge or awareness that one's products will end up in the forum state is a necessary, but not sufficient, element of minimum contacts.

As factual support for their argument that Madame Wu and Zhejiang have minimum contacts with New Jersey under the "stream of commerce" theory, Plaintiffs cite the deposition testimony of Lewis Bush, owner of defendant Sunspecs:

> Q. Do you have any knowledge as to how these rainbow boards came in the possession of Mr. Hoy's stores known as B.J. Stores Inc. trading as Hoys 5&10?
>
> A. Yes, sir.
>
> Q. Why don't you share with us what knowledge you have.
>
> A. An employee of Mr. Hoy [——] John,

---

[1] Under Justice O'Connor's plurality, the plaintiff must demonstrate "additional conduct . . . that may indicate an intent or purpose to serve the market in the forum state." See Asahi, 480 U.S. at 112; Renner, 33 F.3d at 282. Under Justice Brennan's plurality, some "regularity of shipment" is required. Renner, 33 F.3d at 282; see Asahi, 480 U.S. at 117 (Brennan, J., concurring).

> I'm not sure [of] his last name, who's a buyer, ordered a container of body boards. We facilitated this container being delivered from China directly to Mr. Hoy's warehouse.
>
> . . .
>
> Q.  Why don't you share for us . . . what involvement Sunspecs, Inc. had in seeing to it that these rainbow boards were delivered to B.J. Stores, Inc., trading as Hoys.
>
> A.  After receipt of the order from John, we would calculate the cubic dimensions to make sure his order would fit in an ocean container.  We would forward this order to Mrs. Wu, advise her as to a shipping port and a shipping steam line.
>     Upon its arrival at typically for East coast people in the port of Baltimore, arrange for customs clearance and then instructions to a trucking haulage firm for delivery to their warehouse which is outside of Stone Harbor, like around Swayne.

(Bush Dep. 47:18-48:6, 55:11-56:3.)  This testimony proves that Zhejiang and Madame Wu knowingly sold and shipped boogie boards to Sunspecs, a Maryland citizen,[2] in Baltimore.  However, the testimony—which is ambiguous—does not establish by a preponderance of the evidence that Zhejiang and Madame Wu knew that the boards would end up in New Jersey.  The testimony establishes that an order for rainbow boards was "forwarded" by Sunspecs to Madame Wu and Zhejiang, but does not establish that such order specified that the boards were for a New Jersey

---

[2] Sunspecs is a Maryland corporation with its principal place of business in Maryland.  (Third Am. Compl. ¶ 1.)

5

retailer.  Likewise, the testimony establishes that someone provided "instructions to a trucking haulage firm for delivery" to a warehouse in New Jersey, but not that that "someone" was Madame Wu or Zhejiang.  Moreover, the testimony establishes that B.J. Stores paid Sunspecs, not Zhejiang, for the boards.  (Bush Dep. 56:20-21.)

Because there is insufficient evidence that Zhejiang and Madame Wu were aware that the boards were being marketed in New Jersey, Plaintiffs have not established "minimum contacts" under either of the Asahi pluralities.  Therefore, the motions by Madame Wu and Zhejiang to dismiss the claims against them will be granted for lack of personal jurisdiction, and this Court need not reach those defendants' arguments regarding failure to state a claim and insufficient service of process.

The accompanying Order shall issue today.


Dated:   August 17, 2005             /s/ Robert B. Kugler
                                     ROBERT B. KUGLER
                                     United States District Judge